IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL A. GRANT** | ) | CASE NO. 4:24 CV 1621 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| **CORRECTIONAL OFFICER JOE FARNSWORTH,** | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* plaintiff Michael A. Grant, currently incarcerated at the Ohio State Penitentiary, filed this *in forma pauperis* civil rights action against Correctional Officer Joe Farnsworth (Doc. No. 1). Plaintiff seeks monetary relief.

### I. Background

Plaintiff's complaint contains one brief paragraph of allegations and a record of the grievance he filed concerning Defendant's actions. Plaintiff states that on July 9, 2024, Defendant laughed at Plaintiff, threatened to "look at [his] charges," and called Plaintiff a rapist in front of two other corrections officers. (Doc. No. 1 at 5). Plaintiff's grievance was denied due to insufficient evidence. (*See* Doc. 1-1).

Plaintiff claims that Defendant's conduct was unprofessional and constituted an "inappropriate slur." (*Id.* at 7). Plaintiff states that he suffered "psychological injuries" from the

purported "mental abuse." (*Id.*). And he alleges Defendant's conduct constituted a violation of his right to a safe environment under the Eighth Amendment. (*Id.* at 3).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2). The Court grants that application by separate order.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment protects inmates by requiring that "prison officials [] ensure that inmates receive adequate food, clothing, shelter, and medical care, and [] 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). This requirement, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). The Eighth Amendment therefore affords the constitutional minimum protection against conditions of confinement which constitute health threats, but it does address those conditions that cause the

prisoner to feel merely uncomfortable or that cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* at 8. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Here, Plaintiff claims the defendant laughed at him, threatened to "look up his charges," and called him a rapist. Plaintiff also appears to claim in the context of the grievance attached to his complaint that other inmates have now begun calling him a rapist and child molester. (*See* Doc. 1-1 at 2). To the extent Plaintiff claims these comments were offensive or hurtful, verbal harassment and offensive comments do not meet the objective criteria to state an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v.*

*Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987). If Plaintiff's allegations are true, Defendant's behavior was arguably unprofessional. But the Eighth Amendment "does not afford the courts the power to correct every action, statement, or attitude of a prison official with which [the courts] might disagree." *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997).

To the extent Plaintiff argues that Defendant's purported comments placed him in danger, Plaintiff fails to state a claim for relief. To state a claim for deliberate indifference under the Eighth Amendment in the Sixth Circuit, Plaintiff must allege facts suggesting that he has been threatened or harmed as a result of Defendant's conduct. *See Thompson v. Mich. Dept. of Corrections*, 25 F. App'x 357, 359 (6th Cir.2002) (affirming dismissal upon initial screening where plaintiff's "claim that he was endangered by being labeled as a snitch was unsupported by any allegation of resultant harm"); *Jackson v. Peterson*, No. 96–1144, 1996 WL 636180, at *1 (6th Cir. Oct.30, 1996) (finding no merit to an Eighth Amendment claim where plaintiff failed to show he was attacked or threatened after being labeled a snitch); *Spotts v. Hock*, No. 10–353–GFVT, 2011 WL 676942, at *3 (E.D.Ky. Feb.16, 2011) (collecting cases). Here, Plaintiff's complaint fails to include allegations that he has been harmed or has been threatened with harm as a result of the corrections officer's alleged comments. Plaintiff's conclusory statement that he suffered "psychological injuries" is insufficient.

Plaintiff therefore fails to state an Eighth Amendment deliberate indifference claim.

### IV. Conclusion

Accordingly, the Court dismisses Plaintiff's complaint (Doc. No. 1) pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                                                           DONALD C. NUGENT
                                                                           United States District Judge

DATED: January 7, 2025